UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
AMY GROBERT,

         Plaintiff,

                **MEMORANDUM and**
                **ORDER**

    - against -         04-CV-5471 (DRH) (WDW)


CAREER EDUCATION CORPORATION, d/b/a
KATHERINE GIBBS SCHOOL, DAVID
SCHUCHMAN, MATTHEW BRELLIS,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
**A P P E A R A N C E S :**

**LAW OFFICE OF SANDRA STINES**
Attorney for Plaintiff
197 Blueberry Lane
Hicksville, New York 11801
By: Sandra Stines, Esq.

**MORGAN, LEWIS & BOCKIUS LLP**
Attorney for the Defendants
101 Park Avenue
New York, New York 10178
By: Amber Kagan, Esq.
  Adam J. Price, Esq.


**HURLEY, District Judge:**

*INTRODUCTION*

      Plaintiff Amy Grobert ("Plaintiff") filed the present action against defendants

Career Education Corporation d/b/a Katherine Gibbs School, David Schuchman, and Matthew

Brellis (collectively, "Defendants") alleging violations of Title VII and the New York State

Human Rights Law ("NYSHRL") based on both gender discrimination and sexual harassment.

Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure

("Rule") 12(b)(6).  For the reasons stated below, the motion is granted and this case is dismissed in its entirety.

## BACKGROUND

Plaintiff alleges that she was employed by the Katherine Gibbs School from March 1, 1997 through October 1, 1999 as a High School Admissions Representative and then again from May 1, 2000 through October 31, 2002 as Director of Student Management.  (Compl. ¶ 13.)  Plaintiff claims that during the course of her employment, she was subjected to various gender-related comments and alleged sexual harassment.  She was terminated on October 31, 2002, allegedly because of her gender.  (*Id.* ¶¶ 13, 28.)

On October 22, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights (the "Division").  (*Id.* ¶ 9.)  In her charge, Plaintiff alleges that the Katherine Gibbs School discriminated against her on the basis of her age (30), marital status (married), and gender (female) in violation of Title VII and the NYSHRL.  Plaintiff further alleges that the "most recent or continuing discrimination took place on 01/01/03."  (Defs.' Not. of Mot., Ex. B.) In support of this claim, she alleges:

> On October 31, 2002, I was informed by Mr. S[c]huchman, School President, married, who is in his fifties, that he had to let a Manager go due to budget reasons and my position was being eliminated.  It should be noted that I was not the least senior Manager.  Mr. S[c]huchman informed me that he would call me in January regarding whether the money had been restored to the budget to fund my position.  Mr. S[c]huchman never called me.

(*Id.* ¶ 3.)

On August 27, 2004, the Division issued a no probable cause finding and

2

dismissed Plaintiff's charge. (*Id.* Ex. C.) On September 22, 2004, the EEOC issued a notice of dismissal adopting the Division's no probable cause finding. (*Id.* Ex. D.)

On December 16, 2004, Plaintiff initiated the instant action. The Complaint asserts three causes of action, to wit: (1) a violation of Title VII "on the basis of sex"; (2) a violation of the NYSHRL based on gender discrimination; and (3) failure of Defendants to exercise reasonable care to protect their employees. Defendants move to dismiss Plaintiff's Title VII claims on the ground that they are time-barred and Plaintiff's state law claims on the grounds that they are barred by the election of remedies doctrine and that they fail to state a claim. Because the Court finds that Plaintiff's Title VII claims are time-barred, they are dismissed. And the Court declines to exercise jurisdiction over Plaintiff's state law claims.

## DISCUSSION

### I. *Motion to Dismiss: Legal Standards*

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in her favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts entitling her to relief in support of her claim. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003).

## II. Plaintiff's Claims Under Title VII are Time-Barred

In order to file an action in federal court alleging discrimination under Title VII, a plaintiff must first file a charge with the EEOC within 300 days after the allegedly discriminatory act occurred. *See* 42 U.S.C. § 2000e-5(e); *see also Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 76 (2d Cir. 2003). A claim accrues when the employee is given notice of the employer's termination decision, not upon actual discharge. *See Miller v. International Tel. & Tel.* Corp., 755 F.2d 20, 23 (2d Cir. 1985).

Here, it is undisputed that Plaintiff was discharged on October 31, 2002. She did not file an EEOC charge until October 22, 2003, more than 300 days after the date of her termination. In an effort to salvage her untimely claims, Plaintiff argues that Defendants' failure to rehire her in January 2003 constitutes a continuing violation, thereby rendering her termination claim timely. In this regard, she relies on the allegations in her EEOC charge wherein she claims that after being notified of her discharge, Mr. Schuchman "informed [her] that he would call [her] in January regarding whether the money had been restored to the budget to fund [her] position." (Defs.' Not. of Mot., Ex. B.) Plaintiff claims that she waited for that call, which never came, and as a result, the last discriminatory act occurred on January 1, 2003. Because these allegations are not contained in her Complaint, Plaintiff seeks leave to amend her pleading "to include the facts relating to the last discriminatory act(s) of January 1, 2003." (Pl.'s Mem. at 2.)

Even assuming arguendo that these facts were alleged in Plaintiff's Complaint, Plaintiff's Title VII claims would still fail. The continuing-violation exception "extends the limitations period for all claims of discriminatory acts committed under [an ongoing policy of

discrimination] even if those acts, standing alone, would have been barred by the statute of limitations." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997). Here, there are no identifiable acts of discrimination against Plaintiff that occurred after her termination. *See Petrosino v. Bell Atl.*, 385 F.3d 210, 220 (2d Cir. 2004) ("Title VII claims, such as those for termination or failure to promote, are based on 'discrete acts,' each giving rise to a separate cause of action. The law is clear that termination and promotion claims may not be based on discrete acts falling outside the limitations period.") (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). Mr. Schuchman's alleged failure to call cannot form the basis of a continuing violation. *See Miller*, 755 F.2d at 25 ("[T]he mere possibility that the decision might be reversed was not enough to label it advisory or ineffective for time-bar purposes."); *Farnum v. Swiss Bank Corp.*, No. 85 Civ. 157, 1986 WL 1172, at *2 (S.D.N.Y. Jan. 23, 1986) (granting defendant's motion to dismiss plaintiff's Title VII claims because an employer's "refusal to reconsider its decision to terminate [an employee] does not magically transform that isolated incident into an ongoing discriminatory practice. If it did, any Title VII claimant could revive a time-barred complaint simply by asking the defendant to reconsider an allegedly discriminatory decision or action."); *Abrahamsen v. Sperry*, No. 76 C 362, 1979 WL 241, at *3 (E.D.N.Y. June 8, 1979) (holding that "[m]ere continuing failure to rehire, without further action on [the] plaintiff's part by way of reapplication or renewed application," is insufficient to establish continuing violation), *aff'd*, 614 F.2d 1285 (2d Cir. 1979).

Moreover, Plaintiff does not argue, and there are no facts to suggest, that the limitations period should be equitably tolled. *See Zerilli-Edelglass*, 333 F.3d at 80 (noting that equitable tolling is only available in rare and exceptional circumstances). Accordingly, the

Court finds that Plaintiff's Title VII claims are time-barred.

**III.    *Plaintiff's Remaining Claims are Dismissed***

The remaining claims in this case arise under state law.  Having found that the allegations in the Complaint do not support federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3). Accordingly, all state law claims are dismissed without prejudice to refiling in state court.

***CONCLUSION***

For the reasons stated above, Defendants' motion is GRANTED and this case is dismissed.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:   Central Islip, New York
      March 20, 2006                                    /s_____
                                              Denis R. Hurley
                                              United States District Judge